UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24352-Civ-BLOOM/TORRES

ROBERT M. GOLDMAN and
RONALD L. KLATZ,

    *Plaintiffs*,

v.

BRIAN TUNNELGENIX TECHNOLOGIES,
CORP., a Delaware Corporation; and MARCIO
MARC AURELLO MARTINS ABREU,
an Individual,

    *Defendants*.

_____/

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR SANCTIONS**

This matter is before the Court on Defendants', Brian Tunnelgenix Technologies, Corp. ("BTT") and Marcio Marc Aurello Martins Abreu ("Dr. Abreu," and collectively, "Defendants"), Rule 11 sanctions motion against Plaintiffs, Robert M. Goldman and Ronald L. Klatz ("Plaintiffs"). [D.E. 32]. Plaintiffs timely responded to the motion [D.E. 34], to which Defendants replied. [D.E. 35]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing, relevant portions of the

---

[1] On June 28, 2024, the Honorable Beth Bloom referred this matter to the Undersigned Magistrate Judge for a Report and Recommendation. [D.E. 33].

1

record, and relevant authority, and for the reasons set forth below, we recommend that Defendants' motion be **DENIED**.

## I.   BACKGROUND

This case arises out of Plaintiffs' purchase of 76,923 shares in BTT. From Plaintiffs perspective, this purchase and its successive events—an ostensible scheme spanning nearly six years—resulted in securities fraud. Specifically, Plaintiffs claim that Defendants violated Section 10(b) of the Exchange Act by making certain misrepresentations that induced Plaintiffs into purchasing shares and continuing to add value to BTT. These included alleged statements that Google or Bill Gates may purchase BTT, that BTT may launch new products, that an IPO was planned for BTT, and that Plaintiffs would be paid consultants. Further, Plaintiffs allegedly provided "extraordinary services" to BTT—including medical knowledge, consulting, and speaking engagements—but never received payment. But for these misrepresentations, argue Plaintiffs, they would not have made the investment and they would not have provided consulting services.

Defendants then successfully moved to dismiss Plaintiffs' securities claim with prejudice on two bases: (1) Plaintiffs lacked standing because Plaintiffs' entity—not Plaintiffs themselves—purchased the shares, and (2) the securities claim was barred by the five-year statute of repose; to be timely, Plaintiffs Complaint would have had to been filed by March 16, 2021.

After the claim was dismissed, Defendants filed the pending motion pursuant to 15 U.S.C. § 78u-4(c)(1), for Rule 11 sanctions against Plaintiffs in the form of attorneys' fees and costs. Specifically, Defendants assert three bases as Rule 11 violations: (1) the claim was time barred; (2) even if the claim was not time barred, it was not adequately supported; and (3) Plaintiffs filed the lawsuit with an improper purpose.

## II.     APPLICABLE LAW AND PRINCIPLES

"Rule 11 is intended to deter claims with no factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly

3

 increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed. R. Civ. Pro. 11(b)(1) and (3).

 Additionally, Rule 11(c)(1) adds the following:

 If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.

Fed. R. Civ. Pro. 11(c)(1).

 "In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous in view of the facts or law and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001).

4

"Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### III.   ANALYSIS

We will address in turn Defendants' three bases for Rule 11 sanctions: the statute of repose, the alleged baselessness of the claim, and the alleged improper purpose for filing the claim.

#### A.   *Statute of Repose*

Under 28 U.S.C. § 1658, violations of the Securities Exchange Act of 1934 § 10(b) ("the Act") and SEC Rule 10b-5 are subject to the following requirements:

> (b) a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought no later than the earlier of—
> (1) 2 years after the discovery of the facts constituting the violation; or
> (2) 5 years after such violation.

28 U.S.C. § 1658(b). Thus, because Plaintiffs alleged in the Complaint that the securities were purchased on March 16, 2016, their claim was dismissed with prejudice because it was untimely under the five-year statute of repose.

Given the application of this basic principle, Defendants logically conclude that Plaintiffs' plain violation of the statute of repose is grounds for Rule 11 sanctions. To

that end, Defendants assert that Plaintiffs should have known before filing the lawsuit, and before filing their opposition to Defendants' motion to dismiss, that the securities claim was time-barred.

In response, Plaintiffs assert that they had a reasonable basis for believing their claim was timely. That is, in their view, the statute's clock did not begin ticking until the unlawful scheme ended. And even though the Court found Plaintiffs' argument to be incorrect, Plaintiffs posit that courts in other Circuits have been at least somewhat receptive to Plaintiffs' argument. Thus, Plaintiffs argue that their position was at least reasonable, because the lawsuit must have been filed within five years from the date of the "violation" of the Act, and Plaintiffs interpreted the final "violation" of the Act to be in 2022, well within the five-year repose period.

We agree with Plaintiffs that their view on the statute of repose—while incorrect because they have not convincingly alleged a scheme—was not so errant that it warrants Rule 11 sanctions. While Defendants assert that the issue of when the statute of repose takes effect is cut and dry, some courts have interpreted it differently. For example, in *In re Teva Securities Litgation*, the District of Connecticut noted that "the question of when the Repose Clock begins to tick in a Section 10(b) case is a relatively open issue." 512 F. Supp. 3d 321, 331 (D. Conn. 2021). It further noted that a "district court in Vermont remarked that '[c]ourts are divided as to whether a plaintiff can evade the five-year repose rule by alleging continuing violations,' and that '[w]ithin the Second Circuit, district courts have reached

6

diametrically opposite conclusions on the issue.'" *Id*. (quoting *Freihofer v. Vermont Country Foods, Inc.*, 2019 WL 2995949, at *3 (D. Vt. July 9, 2019)).

While of course the Second Circuit, let alone the District of Connecticut, is not binding on this issue presented in our Circuit, the strife amongst those courts does help illustrate that Plaintiffs' position is not *so* unreasonable that it is worthy of Rule 11 sanctions. This is especially true where there does not exist clear cut Eleventh Circuit case law on the specific issue presented here, a point that Defendants do not quibble with.

Instead, to support Plaintiffs' ostensibly sanctionable theory, Defendants point to the Eleventh Circuit case, *Rogers v. Nacchio*, 241 F. App'x 602 (11th Cir. 2007). There, the court affirmed the dismissal of a claim because it was untimely filed under the statute of repose. *Id*. at 605. But the court did not directly address (nor did it need to) the issue of when the repose clock beings ticking in the context of a lengthy scheme. Rather, the Eleventh Circuit clarified only that the clock begins "at the time of the violation." *Id*. The court did not squarely address, however, what constitutes "the violation"; i.e., whether it must be the initial violation, or whether it may be the most recent violation in a string of violations.

Thus, while Plaintiffs' counsel toed the line of sanctionable litigation (seeing that they did not persuasively allege a lengthy scheme nor do they have decisions holding in their favor), they did not quite cross it. While we of course agree with the Court's finding that Plaintiff did not convincingly allege a scheme, "the frivolous

7

nature" of Plaintiff's scheme argument was not "unequivocal." *Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1322 (11th Cir. 2010) ("Under the Eleventh Circuit's jurisprudence, Rule 11 sanctions should only be imposed in limited circumstances where the frivolous nature of the claims-at-issue is unequivocal.").

Had the Eleventh Circuit explicitly rejected Plaintiffs' repose argument in a scheme to defraud case like this one, we would be more inclined to recommend that Plaintiffs' position is sanctionable.[2] But because the Eleventh Circuit has not squarely dispatched Plaintiffs' argument, and because other courts have suggested the statute of repose at least poses an open question, we recommend that on this score, Defendants' motion be denied (particularly because the Rule 11 standard is deferential to novel legal theories). *See Berman v. Blount Parrish & Co.*, 523 F. Supp. 2d 1298, 1302 (M.D. Ala. 2007), *aff'd*, 525 F.3d 1057 (11th Cir. 2008) (denying motion for Rule 11 sanctions where the plaintiffs' security claim was dismissed based on statute of limitations (even though "six other circuits ha[d] squarely addressed the issue" and held against plaintiff's argument) because the court could not "find that the claims in this case were frivolous arguments"); *Laborers Loc. 938 Joint Health & Welfare Tr. Fund v. B.R. Starnes Co. of Fla.*, 827 F.2d 1454, 1458 (11th Cir. 1987)

---

[2] We note, however, that even then the Rule 11 issue may not have been crystal clear, depending on the limiting language the appellate court may have used, and the state of any conflicting law at the time. Courts of Appeal sometimes reach conclusions that the Supreme Court finds to be wanting. A litigant may in that case have a good faith basis to tee up a losing issue for a certiorari petition. But that speculation is unnecessary given the state of law in the circuit today.

(affirming denial of Rule 11 motion because the issues were "fairly debatable" and "[t]here was no clear binding precedent on the issue"); *Perez v. Pavex Corp.*, No. 801-CV-69-T-27MSS, 2008 WL 906457, at *2 (M.D. Fla. Apr. 3, 2008) (denying motion for Rule 11 sanctions where the "Plaintiff had an arguable basis for th[e] argument" because the issue was open); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (noting that "the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression"); *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 916 (11th Cir. 2003) (reversing an imposition of Rule 11 sanctions because even though the court agreed that the underlying claims should be dismissed, the court was "unable to conclude that only an unreasonable lawyer would have made these claims").

### B. *Baselessness*

Next, we assess whether Plaintiffs' Complaint lacked support to the extent that Rule 11 sanctions are warranted. Defendants argue that, even if Plaintiffs claim had been timely, the Complaint "failed to allege any reasonable inference of scienter." [D.E. 32 at 5]. Additionally, Defendants assert that "the Complaint set forth no plausible allegations of loss causation or damages." [*Id*.].

In response, Plaintiffs point out that the Court's Order on Defendants' motion to dismiss did not at all address the elements of scienter and loss causation. Further, Plaintiffs argue that Defendants argument is conclusory, seeing that Plaintiffs' allegations did in fact address each of these elements.

9

As to scienter, Plaintiffs allege sufficient facts to demonstrate that their securities claim was not frivolous. Throughout the Complaint, taken as a whole, Plaintiffs allege that Defendants misinformed them that billionaires are interested in investing in BTT [D.E. 1 at ¶ 22(b)], that Defendants deceitfully pushed Plaintiffs to invest millions of dollars into BTT [*id*. at ¶ 24], that Defendants lied about having discussions with Bill Gates or other wealthy investors [*id*. at ¶ 26], that Dr. Abreu was not in fact affiliated with Yale University [*id*. at ¶ 27], and other similar instances which provide a reasonable basis for Defendants' scienter.

This suffices to show that, at least, Plaintiffs' claim did not *entirely* lack a reasonable factual basis. *Jones*, 49 F.3d at 694 (noting that Rule 11 sanctions require that a "party files a pleading that has no reasonable factual basis"). To be clear, this is not an analysis of whether these allegations would or should survive a motion to dismiss, but whether they have no reasonable basis.[3] And because there is at least some basis in the Complaint to support scienter, we cannot say that Rule 11 sanctions are warranted. *See Patco Energy Express, LLC v. Lambros*, No. CV 209-004, 2010 WL 11610667, at *3 (S.D. Ga. Sept. 24, 2010) (denying Rule 11 sanctions because even though "Plaintiffs have presented legal arguments that may be weak," the court could not "find that Plaintiffs' complaint had no colorable basis in law or fact"); *Feingold v. Budner*, No. CIV 08-80539, 2010 WL 917314, at *5 (S.D. Fla. Mar. 11, 2010) (denying

---

[3] It is also worth noting that the Court did not dismiss this claim based on a failure to state a claim. Rather, the claim was time-barred and Plaintiffs lacked standing.

10

motion for Rule 11 sanctions even though the plaintiff failed to state a viable claim because the allegations were not unreasonable).

As to damages and loss causation, we similarly find that the Complaint has sufficient support to avoid Rule 11 sanctions. The Complaint alleges that, if Defendants had not made certain misrepresentations inducing Plaintiffs into investing, then Plaintiffs would not have invested. [D.E. 1 at ¶¶ 25, 75]. Additionally, Plaintiffs allege that, had Defendants not made misrepresentations, Plaintiffs would not have engaged in consulting work for which they expected to be paid. Thus, even if Plaintiffs investment itself did not lose them money, Plaintiffs still allege that the apparent fraud resulted in them providing unpaid services (including consulting services). [D.E. 1 at ¶¶ 28, 42].

This suffices to avoid Rule 11 sanctions. We reiterate that we are not determining whether Plaintiffs' allegations are meritorious, ideal, or even plausible, but only whether the claim was frivolous and without support. *See In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 851 F. Supp. 2d 1299, 1318 (S.D. Fla. 2011), *aff'd sub nom.*, 503 F. App'x 677 (11th Cir. 2012) ("On this record, the Court finds that the loss causation allegations supporting Plaintiffs' Rule 10b–5 and § 20(a) claims were neither legally nor factually objectively frivolous. The factual support for the loss causation allegations, though ultimately insufficient to establish loss causation, was not patently frivolous."); *Zisholtz v. Suntrust Banks, Inc.*, No. CIV.A. 1:08-CV-1287-, 2010 WL 1963167, at *6 (N.D. Ga. May 14, 2010) (denying motion for sanctions in a

securities case because "the Plaintiffs' claims for damages were not frivolous," as the plaintiffs alleged at least some supporting facts for the ostensible harm they suffered as a result of the alleged misrepresentations)

Thus, we recommend that, as to whether reasonable support existed for scienter, loss causation, and damages, Defendants' motion be denied.

### C. *Improper Purpose*

Lastly, Defendants argue that Plaintiffs filed this lawsuit for an improper purpose. "An attorney or party may be sanctioned under Rule 11 for filing a pleading for an improper purpose, such as to harass the opposing party." *Thomas v. Evans*, 880 F.2d 1235, 1243 (11th Cir. 1989) (citing *United States v. Milam*, 855 F.2d 739, 742 (11th Cir. 1988)).

Defendants point to facts that Dr. Abreu previously spoke at conferences put on by Plaintiffs before Dr. Abreu discovered that Plaintiffs were not licensed medical doctors and had received notoriety for ostensibly disingenuous anti-aging products. Thus, Dr. Abreu stopped speaking at those conferences "and otherwise disassociated himself from Plaintiffs." [D.E. 32 at 6]. Only after this development, argue Defendants, did Plaintiffs send a demand letter and file suit. Defendants argue, then, that the securities claim was merely an illegitimate vehicle through which Plaintiffs expressed their personal vitriol towards Dr. Abreu.

Conversely, Plaintiffs argue that this lawsuit was nothing more than an effort to refund their investment and receive compensation for their investment services.

To that end, Plaintiffs argue that, before they filed the lawsuit, they went through extraordinary efforts to receive their compensation from Defendants.

We find that Defendants have not demonstrated an improper purpose on part of Plaintiffs for filing the securities claim. Defendants have failed to present to the Court objective evidence that illustrates Plaintiffs' actual intent. While Defendants point to a slew of circumstantial facts that, in theory, *could* serve as the basis for an improper purpose, they have not convinced the Court that here, those facts *did* serve as the basis for an improper purpose. This is especially true where Plaintiffs have given adequate reasons to suggest that the lawsuit was a good faith effort to recover ostensibly owed funds—let alone that the primary or sole purpose was spite. *See Benavides v. Miami Atlanta Airfreight, Inc.*, 612 F. Supp. 2d 1236, 1239 (S.D. Fla. 2008) (denying Rule 11 motion because "[b]oth the record and Defendant's assertions fail to supply adequate proof to show that this action was motivated by extortion to any extent, much less that this improper purpose constituted the sole reason for bringing the lawsuit"); *Matthiesen v. Matthiesen*, No. 16-20360-CIV, 2018 WL 1121538, at *3 (S.D. Fla. Mar. 1, 2018) (rejecting argument that lawsuit was filed for an improper purpose without "actual objective evidence of intent"); *J A P Logistics, Inc. v. MT 2005 Integradores y Consultores, S.A.,* No. 19-21306-CIV, 2020 WL 13110796, at *8 (S.D. Fla. May 11, 2020), *report and recommendation adopted*, No. 19-21306-CIV, 2020 WL 13110794 (S.D. Fla. May 28, 2020) (rejecting argument that lawsuit was filed for improper purpose because "the evidence concerning Plaintiff's

intent in filing the Complaint here" indicated that the plaintiff "sought to vindicate its rights in court"); *Squitieri v. Nocco*, No. 8:19-CV-0906-KKM-AAS, 2022 WL 1136885, at *4 (M.D. Fla. Apr. 18, 2022) (denying Rule 11 sanctions because the presented evidence did not "sufficiently show Plaintiffs pursued these actions for an improper purpose"); *Loudo Trailer, Inc. v. Bray Trailers, Inc.*, No. 5:07-CV-405-T-24GRJ, 2009 WL 2590062, at *2 (M.D. Fla. Aug. 20, 2009) (denying Rule 11 motion because "[t]here [wa]s no evidence that the company's claims were filed to harass Defendant Bray or to increase litigation costs").

In sum, because Defendants have not carried their burden under Rule 11 to show that (1) Plaintiffs' claim had no reasonable chance for success in light of the statute of repose; (2) Plaintiffs' security action was brought with no reasonable factual basis; and/or (3) Plaintiffs' security action was brought for an improper purpose, we recommend that Defendants' motion for Rule 11 sanctions be denied.

## IV. CONCLUSION

For the reasons set forth above, we recommend that Defendants' motion [D.E. 32] be **DENIED**.

**DONE AND SUBMITTED** in Chambers in Miami, Florida this 15th day of August, 2024.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
Chief United States Magistrate Judge