UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24352-BLOOM/Torres

ROBERT M. GOLDMAN, an individual,
and RONALD M. KLATZ, an individual,

    Plaintiffs,

v.

BRAIN TUNNELGENIX TECHNOLOGIES,
CORP., and MARCIO AURELLO MARTINS ABREU
a/k/a M. MARC ABREU, an individual,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendants Brain Tunnelgenix Technologies Corp. ("BTT") and Dr. Marcio Marc Aurello Martins Abreu's (collectively "Defendants") Motion for Specific Findings of Compliance with Rule 11 Pursuant to the Private Securities Litigation Reform Act ("Motion"), ECF No. [32]. Plaintiffs Dr. Robert Goldman and Dr. Ronald Klatz (collectively "Plaintiffs") filed a Response in Opposition, ("Response"), ECF No. [34], to which Defendants filed a Reply, ECF No. [35]. The Motion was referred to United States Chief Magistrate Judge Edwin G. Torres for a Report and Recommendation ("R&R"), ECF No. [33].

On August 15, 2024, Judge Torres issued an R&R, recommending that Defendants' Motion be denied. ECF No. [42]. Defendants filed their Objections to the R&R on August 29, 2024. ECF No. [43]. The Court has conducted a *de novo* review of the R&R and the Objections in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 577 F.3d 1287, 1291 (11th Cir. 2009). The Court has considered the Motion, the R&R, the Objections, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court overrules

Defendants' Objections and adopts the R&R in full.

I. BACKGROUND

A. Procedural History

The Court assumes the parties' familiarity with the facts of this case and adopts the procedural history contained in the R&R. Nevertheless, the Court sets forth sufficient facts to address the R&R and the Objections.

Plaintiffs brought an action for damages against Defendants relating to a March 2016 purchase of 76,923 shares in BTT by Plaintiffs' company, MDM Consultants, Inc. ("MDM"). Plaintiffs allege that Abreu violated securities laws in the sale of the shares, specifically the Securities Act of 1934 § 10(b), 15 U.S.C. § 78a, *et seq*. as promulgated under 17 C.F.R. § 240.10b-5 ("Rule 10b-5"). *See* ECF No. [1] at 14. Plaintiffs claim that from the point of first introduction in mid-2015 onward, Abreu started a vigorous and aggressive campaign to self-promote and market BTT to Plaintiffs, *Id.* at ¶ 16. Specifically, Abreu repeatedly represented to Plaintiffs throughout 2015 and early 2016 that he had secured interest and meetings with Bill Gates, the Gates Foundation, and many of Mr. Gates' business colleagues in connection with BTT. *Id.* at ¶ 20. Abreu further indicated that he was in the process of publishing several "ground-breaking" papers through his position at Yale University. *Id.* at ¶ 21.

Plaintiffs agreed to invest $500,000.00 in BTT at or around March 16, 2016. *Id.* at ¶ 25. Plaintiffs contend that following their investment in 2016, they provided Abreu and BTT with "extraordinary services," but never received payment. *Id.* at ¶ 28. But for these misrepresentations, Plaintiffs argue they would not have made the investment, nor would they have provided consulting services.

Defendants moved to dismiss on two bases: (1) Plaintiffs lack standing, and (2) the federal securities claims are time-barred by the statute of repose. ECF No. [16]. On June 13, 2024, the

Court granted Defendants' Motion to Dismiss, finding that Plaintiffs lacked standing because they did not purchase shares in BTT. ECF No. [31]. Rather, the shares were purchased by Plaintiffs' company, MDM Consultants, Inc. ("MDM"). *Id.* at 8. Further, the Court dismissed the Complaint with prejudice because Plaintiffs' claims were barred by the statute of repose. *Id.* at 9.

B. Rule 11 Motion

After the claim was dismissed, Defendants filed the pending motion pursuant to 15 U.S.C. § 78u-4(c)(1), for Rule 11 sanctions against Plaintiffs in the form of attorneys' fees and costs. Specifically, Defendants assert three bases as Rule 11 violations: (1) the claim was time-barred; (2) even if the claim was not time-barred, it was not adequately supported; and (3) Plaintiffs filed the lawsuit with an improper purpose. ECF. No. [32]. Plaintiffs respond that Rule 11 sanctions are not warranted because Plaintiffs' claims were credible, and the Complaint was not brought for an improper purpose. ECF No. [34]. Defendants reply that filing a time-barred Complaint violates Rule 11(b)(2). ECF No. [35].

C. Report and Recommendation

In the R&R, Judge Torres recommends that the Court deny Defendants' Motion because there is no definitive Eleventh Circuit caselaw on when the five-year statute of repose takes effect. ECF No. [42]. Further, Judge Torres recommends that the Motion be denied because reasonable support existed for scienter, loss causation, and damages, and Defendants have not demonstrated that Plaintiffs had an improper purpose for filing the securities claim. *Id.*

D. Objections to the R&R

Defendants do not object to the R&R's findings as to "baselessness" and "improper purpose." ECF No. [43] at 3 n.1. Defendants contend, though, that the R&R errs in concluding that no express precedent exists on when the repose clock begins ticking, pointing to the decision in

*S.E.C. v. Zandford*, 535 U.S. 813 (2002). *Id.* at 4-5. Plaintiffs state that the R&R is detailed and well-reasoned, and there is no basis to reject it. ECF No. [44] at ¶ 5.

## II. LEGAL STANDARD

### A. Report and Recommendation

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d

1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

### B. Rule 11 Sanctions

"In any private action arising under [the Securities Act], upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1).

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . .

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1), (3). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### III.  DISCUSSION

#### A.  Statute of Repose

Under 28 U.S.C. § 1658, violations of the Securities Exchange Act of 1934 § 10(b) ("the Act") and SEC Rule 10b-5 are subject to the following requirements:

> (b) a private right of action that involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws, as defined in section 3(a)(47) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(47)), may be brought no later than the earlier of—
> (1) 2 years after the discovery of the facts constituting the violation; or
> (2) 5 years after such violation.

28 U.S.C. § 1658(b).

Judge Torres recommends that Plaintiffs' view on the statute of repose—while incorrect because Plaintiffs' have not convincingly alleged a scheme—was not so errant that it warrants Rule 11 sanctions. ECF No. [42]. Defendants object and argue that there was no connection between the alleged post-share misrepresentations and the single purchase of stock, which is necessary to prove a violation. ECF No. [43] at 7. Thus, the lack of any connection necessary to show a "violation" renders it unequivocal that Plaintiffs' argument for extending the statute of repose is frivolous. *Id.*

For support, Defendants contend that the decision in *S.E.C. v. Zandford*, 535 U.S. 813 (2002) makes clear that to be a securities "violation," a representation must have been made "in

connection with" a securities sale within the meaning of Section 10(b) and Rule 10b-5. *Id.* at 4. In *Zandford*, the Court concluded that "the SEC complaint describes a fraudulent scheme in which the securities transactions and breaches of fiduciary duty coincide. Those breaches were therefore 'in connection with' securities sales within the meaning of § 10(b)." *Id.* at 825. Here, in its Order on the Motion to Dismiss, the Court held that Plaintiffs' claims were barred by the statute of repose because Plaintiffs failed to allege a similar scheme. ECF No. [31].

However, as the R&R indicates, other courts have been receptive to Plaintiffs' argument pertaining to continuing violations. For example, as Judge Torres highlights, the Second District is split on "whether a plaintiff can evade the five-year repose rule by alleging continuing violations," and that "the question of when the Repose Clock begins to tick in a Section 10(b) case is a relatively open issue." *In re Teva Securities Litgation*, 512 F. Supp. 3d 321, 331 (D. Conn. 2021) (internal quotation omitted). The Court agrees with Judge Torres's assessment that while not binding on this Court, the strife among courts supports that Plaintiffs' argument was not entirely unreasonable. Further, as the R&R points out, and Defendants concede, there is no case law from the Eleventh Circuit that squarely addresses this issue. ECF No. [42] at 7; *Rogers v. Nacchio*, 241 F. App'x 602, 605 (11th Cir. 2007) (concluding that securities claim was time-barred because the plaintiffs brought their claim more than five years after purchasing the stock).

Defendants contend that the R&R incorrectly ignores the "in connection with the purchase or sale of any security" requirement under Rule 10(b) but supports this argument with no more than citations to its prior filings. *See* ECF No. [43] at 6; *Marlite, Inc. v. Eckenrod*, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to

be afforded a 'second bite at the apple' when they file objections to a R & R." (*quoting Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))). The R&R is correct that the "frivolous nature" of Plaintiffs' scheme argument was not "unequivocal." *Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1322 (11th Cir. 2010) ("Under the Eleventh Circuit's jurisprudence, Rule 11 sanctions should only be imposed in limited circumstances where the frivolous nature of the claims-at-issue is unequivocal."); *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) (noting that "the purpose of Rule 11 is to deter frivolous lawsuits and not to deter novel legal arguments or cases of first impression").

Accordingly, the Court finds that the R&R correctly analyzes whether sanctions are warranted, and Defendants provide no basis for overturning the R&R.[1]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [42]**, is **ADOPTED**;

2. Defendants' Objections, **ECF No. [43]**, are **OVERRULED**;

3. Defendants' Motion for Specific Findings of Compliance with Rule 11 Pursuant to the Private Securities Litigation Reform Act, **ECF No. [32]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 17, 2024.

---

[1] Defendants do not object to the R&R's conclusion that Plaintiffs' allegations were not baseless, and the Complaint was not filed for an improper purpose. "If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Nevertheless, the Court is fully advised in the premises of the R&R. Upon review, the Court finds the R&R to be well reasoned and correct on these two issues. The Court therefore agrees with the analysis in the R&R and concludes that the Complaint contained adequate support, and Defendants have not demonstrated an improper purpose on part of Plaintiffs for filing their securities claim.

Case No. 23-cv-24352-BLOOM/Torres

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record